Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Otis Elevator Company, Appellant.

Argued May 9, 1975, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*Robert H. Shoop, Jr.*, with him *Jay A. Erstling* and *Thorp, Reed & Armstrong*, for appellants.

*Daniel R. Schuckers*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE BLATT, October 3, 1975:

This is a companion case to the *Unemployment Compensation Board of Review v. Haughton Elevator Company*, 21 Pa. Commonwealth Ct. 307, 345 A.2d 297 (1975), filed simultaneously herewith, and *Unemployment Compensation Board of Review v. Otis Elevator Company*, 21 Pa. Commonwealth Ct. 315, 345 A.2d 301 (1975), also filed simultaneously herewith. The findings of fact and the holding of the Unemployment Compensation Board of Review are essentially the same as discussed in *Haughton* with one most notable distinction. The *only* basis upon which the Board relied here to support its conclusion that the work stoppage constituted a lockout was the fact that the National Elevator Industries, Inc. (NEII) which represented the Otis Elevator Company (Otis), the appellant herein, for collective bargaining purposes exercised its right to terminate the agreement to extend

the collective bargaining agreement which was originally scheduled to expire on March 23, 1972.

In *Haughton* we ruled that such action was not a sufficient basis upon which to conclude that the employer had altered the status quo. Moreover, as we review the record here, there was an insufficient amount of evidence presented and the Board did not make any findings, as it did in *Haughton*, that Otis had otherwise refused to continue to provide work for its employees under the same terms and conditions as existed under the contract scheduled to expire March 23, 1972. In fact, Barry M. Breese, the only claimant to testify before the Board, expressly stated that no one from Otis told him not to report to work on March 30, 1972 and that he had ceased work on that date in response to the telegram sent by his union which is quoted in *Haughton*. The claimants, therefore, have failed to demonstrate that work would not have been available under the terms and conditions of the contract which expired March 23, 1972 and, by not appearing for work on March 30, 1972, have also failed to demonstrate behavior consistent with the desire to remain employed. The work stoppage by the Otis Elevator Company employees in this case, therefore, was a strike and there was no lockout.

We, therefore, issue the following

ORDER

AND, NOW, this 3rd day of October, 1975, the decision and order of the Unemployment Compensation Board of Review is hereby reversed.