Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Otis Elevator Company, Appellant.

Argued May 9, 1975, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*Robert H. Shoop, Jr.,* with him *Jay A. Erstling,* and *Thorp, Reed & Armstrong,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

*Neal Goldstein,* with him *Stephen C. Richman,* and *Markowitz & Kirschner,* for intervening appellee.

OPINION BY JUDGE BLATT, October 3, 1975:

This is a companion case to the *Unemployment Compensation Board of Review v. Haughton Elevator Company*, 21 Pa. Commonwealth Ct. 307, 345 A.2d 297 (1975), filed simultaneously herewith, and the *Unemployment Compensation Board of Review v. Otis Elevator Company*, 21 Pa. Commonwealth Ct. 305, 345 A.2d 303 (1975), also filed simultaneously herewith. The findings of fact and the holding of the Unemployment Compensation Board of Review are essentially the same as discussed in *Haughton*. Here the Board relied upon its findings that the National Elevator Industries, Inc. (NEII) which represented the Otis Elevator Company (Otis), the appellant herein, terminated the agreement to extend the collective bargaining agreement originally scheduled to expire on March 23, 1972, and upon its finding that Otis took away the claimant's equipment so that he could not continue to work.

As discussed in *Haughton,* the first of the Board's reasons was insufficient to justify a conclusion that the work stoppage constituted a lockout. The appellant argues, however, as it did in *Haughton,* that the second reason was also insufficient, for the employer is entitled to take such action as a reasonable measure in preparation for a strike. *Philco Corp. v. Unemployment Compensation Board of Review,* 430 Pa. 101, 242 A.2d 454 (1968). And as in *Haughton,* the Board here failed to render findings of fact and conclusions on this most vital issue. For the reasons set forth in *Haughton,* we, therefore, issue the following

ORDER

AND, Now, this 3rd day of October, 1975, the decision and order of the Unemployment Compensation Board of Review is hereby reversed and the record shall be remanded to the Board for action and determination consistent with the above opinion.